IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00014-REB-BNB

CATHERINE WALKER,

Plaintiff,

v.

TRINIDAD AREA HEALTH ASS'N,

Defendant.

_____

**ORDER**
_____

This matter arises on the defendant's **Motion to Amend Scheduling Order** [Doc. # 44, filed 12/1/2010] (the "Motion") which seeks an order extending the deadline to file a dispositive motion to November 30, 2010. The Motion is DENIED.

I held a scheduling conference on May 3, 2010, and set the dispositive motion deadline of November 5, 2010. Scheduling Order [Doc. # 13] at Part 9(c). The dispositive motion deadline was specifically discussed during the scheduling conference, and correctly noted in the Scheduling Order and the minutes of proceedings [Doc. # 12].

The defendant seeks to extend the deadline based on the following:

> Counsel for Defendant has a tickler system in its office in which the dates set in the Scheduling Order are entered in order to remind counsel of upcoming deadlines. Counsel for Defendant erroneously entered the filing date for Dispositive Motions as December 3, 2010 instead of the correct date of November 5, 2010.
>
> Defendant submits that good cause exists to amend the Scheduling Order. It is in the interest of justice and fairness to Defendant not to penalize Defendant for the error of its counsel in incorrectly

> docketing the date for the filing of Dispositive Motions.
> Defendant was not responsible for the late filing, only its counsel.

Motion [Doc. # 44] at ¶¶3, 5.

"[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  <u>Washington v. Arapahoe County Dept. of Social Services</u>, 197 F.R.D. 439, 441 (D. Colo. 2000)(quoting <u>Gestetner Corp v. Case Equipment Co.</u>, 108 F.R.D. 138, 141 (D. Me. 1985)).  Rather, the case schedule can be amended only upon a showing of good cause.  Fed. R. Civ. P. 16(b)(4).

The good cause standard of Rule 16(b) "does not focus on the bad faith of the movant, or the prejudice to the opposing party."  <u>Colorado Visionary Academy v. Medtronic, Inc.</u>, 194 F.R.D. 684, 687 (D. Colo. 2000).  Instead:

> [I]t focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, the court may modify the schedule on a showing of good cause if the deadline cannot be met despite the diligence of the party seeking the extension.  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

<u>Id</u>. (internal quotations and citations omitted).

Applying this good cause standard to the facts presented compels the decision that the Motion be denied.  The defendant admits that the delay in filing its motion for summary judgment was the result of its lawyers improperly docketing the deadline on their tickler system.  This is the epitome of carelessness, which cannot justify an amendment of the case schedule.

Moreover, the defendant's failure to follow the scheduling order is not harmless.  As the plaintiff points out:

> [A] grant of Plaintiff's Motion would prejudice Plaintiff and inconvenience the Court. Specifically, it would push the ultimate disposition of Defendant's motion beyond the Trial Preparation Conference and until the eve of trial. It would also require Plaintiff to focus on responding to Defendant's Motion as opposed to preparing for trial.

Plaintiff's Opposition [Doc. # 47, filed 12/6/2010] at p. 3. More precisely, the defendant seeks leave to file a motion for summary judgment on November 30, 2010. Allowing normal briefing, the motion for summary judgment would be at issue and ready for decision on January 4, 2010. The case is set for trial beginning January 31, 2011. Consequently, the district judge would be unduly burdened to decide the motion in such a short period of time.

Nor am I persuaded that the substantive rights of the defendant are compromised by disallowing the late-filed dispositive motion. To the contrary, the defendant retains all of its rights to oppose the plaintiff's claims. Those rights simply must be asserted at a different stage of the proceedings--by a Rule 50 motion or, if that is not successful, by submitting the matter to the jury at the conclusion of the presentation of the evidence.

IT IS ORDERED:

(1) The Motion is DENIED; and

(2) Defendant's Motion for Summary Judgment [Doc. # 43] is STRICKEN as untimely.

Dated December 7, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge